1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

STEVEN J. EYRE, CB# 119714
3550 WILSHIRE BOULEVARD, SUITE 420
LOS ANGELES, CALIFORNIA  90010
(213) 814-4416
fax (213) 985-2159
stevenjeyre@gmail.com

Attorney for plaintiff

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

JUAN CORONA,

        Plaintiff,

  -vs.-

PEDRO RAMOS PKA PALILLO
PALMA, DOES 1-10,

        Defendants.

**No.**

**COMPLAINT FOR:**

1. **FEDERAL TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION;**
2. **STATE TRADEMARK INFRINGEMENT;**
3. **UNFAIR COMPETITION UNDER CAL. BUS. AND PROF. CODE §§ 17200 *et seq.*;**
4. **FALSE ADVERTISING UNDER CAL. BUS. AND PROF. CODE §§17500 *et seq.*;**
5. **INTERFERENCE WITH PROSPECTIVE BUSINESS ADVANTAGE;**
6. **ACCOUNTING;**
7. **TEMPORARY, PRELIMINARY AND PERMANENT INJUNCTIVE RELIEF**

**JURY TRIAL DEMANDED**

-1-
COMPLAINT

Plaintiff Juan Corona brings this action against defendant Pedro Ramos pka Palillo Palma, and DOES 1-10 for (1) unfair competition under the Lanham Act, 15 U.S.C. §§ 1051 et seq.; (2) state law trademark infringement; (3) unfair competition under California Business and Professions Code § 17200 *et seq.*; (4) false advertising under California Business and Professions Code § 17500 *et seq.*; (5) interference with prospective business advantage under California common law; (6) accounting; and (7) temporary, preliminary and permanent injunctive relief, as hereinafter alleged. Plaintiff alleges as follows:

## JURISDICTION AND VENUE

1.      These claims arise under the laws of the United States, particularly under the federal Lanham Act, as amended, 15 U.S.C. § 1051 *et seq.*, and under California statutory and common law, including Cal. Bus. & Prof. Code § 17200 *et seq.* and Cal. Bus. & Prof. Code §§ 17500 *et seq.*  This Court has original jurisdiction over the subject matter of the Lanham Act claims pursuant to 28 U.S.C. §§ 1331 and 1138(a), and pendent jurisdiction over the state unfair competition and associated claims under 28 U.S.C. § 1338(b) in that said claims are joined with a substantial and related claim under the Trademark Laws of the United States and are so related to the federal claims that they form part of the same case or controversy and arise from a common nucleus of operative facts.

2.      This Court has specific personal jurisdiction over each of the defendants as each resides in this judicial district or has purposefully committed, within the state, the acts from which these claims arise and/or has committed tortious acts outside California, knowing and intending that such acts would cause injury within the state.

3.      Venue is proper in the United States District Court for the Eastern District of California pursuant to 28 U. S. C. §§ 1391(b) and 1391(c) in that defendant resides in this District, transacts affairs in this District and/or that a substantial part of the events or omissions giving rise to the claims herein occurred

COMPLAINT

within this District.

## **THE PARTIES**

4.     Plaintiff Juan Corona is a resident of the city of Pico Rivera, Los Angeles County, California.

5.     Defendant Pedro Ramos aka Palillo is a resident of the city of Lodi, California.

6.     The true names and capacities, whether individual, corporate or otherwise, of the defendants named herein as Does 1 through 10 are presently unknown to plaintiff, who therefore sue said defendants by such fictitious names. Plaintiff will seek to amend this complaint to allege the true names and capacities of said defendants when plaintiff has ascertained such information.  Plaintiff is informed and believe that each defendant named herein as Does 1 through 10 has participated in some or all of the acts or conduct alleged in this Complaint and is liable to Plaintiff by reason thereof.

## **GENERAL ALLEGATIONS**

7.     Plaintiff Juan Corona is the founder and owner of the musical group "Grupo Exterminador" ("Exterminator Group" in English), which he founded in California in 1992 as the "Hermanos Corona" ("the Corona Brothers" in English) initially and which began performing regularly as "Grupo Exterminador" in commerce in or about 1993.  The remaining members of plaintiff's group are mostly his relatives, including brothers and nephews, who have performed with the group since its origins in the 1990's.

8.     As of or about 1995, plaintiff's musical group "Grupo Exterminador" released its first album and has continued to record and release albums throughout its career to the present.  The music of the group continues to be released on compilations from its record company that continue to be available in digital formats as well as physical formats through internet and retail outlets.

9.     Since approximately 1993, plaintiff Juan Corona has used the name

COMPLAINT

"Grupo Exterminador" continuously since the date of first use in the early 1990's through the present, including performances in the United States and Mexico.

10.    Plaintiff is the owner of the registration of the mark "Exterminador" with the United States Patent and Trademark Office, which lapsed earlier in 2017, and has reapplied for registration of the mark "Grupo Exterminador" in connection with goods, namely sound recordings, and services, namely the live performances of a musical group.  Nevertheless, plaintiff has continuously used the mark "Grupo Exterminador" both as a service mark as well as a trademark since the 1990's to the present.

## DEFENDANT PEDRO RAMOS

11.    Defendant Pedro Ramos is a musician who uses the artistic name Palillo Palma ("Little Stick Palma"), which plaintiff is informed and believes that defendant derived from the artistic name "Tigrillo Palma" ("Little Tiger Palma"), a well-known singer in the Regional Mexican genre of Latin music.

12.    Defendant recently began to style himself and the musical group he has assembled with the group name "El Nuevo Exterminador" ("The New Exterminator").  In advertisements for defendant's musical group, he and his fellow musicians have adopted the same style of dress as plaintiff's musical group, including long coats, *tejana* style cowboy hats, and in those ads defendant sports an accordion, the same instrument that plaintiff Juan Corona plays in live performances and with which plaintiff is depicted in print advertisements and publicity photographs for plaintiff's musical group.  Plaintiff is informed and believes that defendant also plays the accordion in live performances of his group.

13.    Given the similarity of defendant's appearance in dress and depiction to the dress and depiction of plaintiff Juan Corona in print advertising, coupled with the adoption by defendant of a confusingly similar name for his musical group, defendant's actions are calculated to profit from confusion with plaintiff's group and to take advantage of the popularity of plaintiff's group.

## **CONDUCT OF DEFENDANT**

14.     Based upon advertisements and Facebook posting alluded to above, plaintiff is informed and believe that defendant Pedro Ramos has held his group out as "El Nuevo Exterminador" on multiple occasions, including without limitation the following advertising for future and past performances:

a.     El Rodeo Night Club, Woodburn, Oregon, October 28, 2017, where the performance of defendant Pedro Ramos is advertised as "El Nuevo Exterminador" ("The New Exterminator").  The lettering of the word "Exterminador" is confusingly similar, if not identical, to the lettering in the word "Exterminador" used in plaintiff's mark in advertising for services as well as a trademark on plaintiff's sound recordings.  The photograph that accompanies the name "El Nuevo Exterminador" in the ad for defendant's group shows defendant Pedro Ramos dressed in the same style and holding an accordion just as plaintiff Juan Corona does in the live musical performances of plaintiff's group "Grupo Exterminador" as documented on Facebook, the internet and social media.

b.     Rio de Janeiro Night Club, Stockton, California, October 7, 2017, where the performance of defendant Pedro Ramos is advertised as "El Nuevo Exterminador" ("The New Exterminator").  The lettering of the word "Exterminador" is confusingly similar, if not identical, to the lettering in the word "Exterminador" used in plaintiff's mark in advertising for services as well as a trademark on plaintiff's sound recordings.  The photograph that accompanies the name "El Nuevo Exterminador" in the ad for defendant's group shows five individuals dressed like plaintiff's musical group with defendant Pedro Ramos dressed in the same style and holding an accordion just as plaintiff Juan Corona does in the live musical performances of plaintiff's group "Grupo Exterminador" as documented on Facebook, the internet and social media.

c.     Unidos Por Mexico En USA, Visalia, California, September 29,

2017, where the performance of defendant Pedro Ramos is advertised as "El Nuevo Exterminador" ("The New Exterminator").  The lettering of the word "Exterminador" is confusingly similar, if not identical, to the lettering in the word "Exterminador" used in plaintiff's mark in advertising for services as well as a trademark on plaintiff's sound recordings.  The photograph that accompanies the name "El Nuevo Exterminador" is a picture of defendant Pedro Ramos dressed in the same style and holding an accordion just as plaintiff Juan Corona does in the live musical performances of plaintiff's group "Grupo Exterminador" as documented on Facebook, the internet and social media.

   d.   Coco Bongo Night Club, Othello, Washington, September 16, 2017, where the performance of defendant Pedro Ramos is advertised as "El Nuevo Exterminador" ("The New Exterminator").  The lettering of the word "Exterminador" is confusingly similar, if not identical, to the lettering in the word "Exterminador" used in plaintiff's mark in advertising for services as well as a trademark on plaintiff's sound recordings.  The photograph that accompanies the name "El Nuevo Exterminador" in the ad for defendant's group shows five individuals dressed like plaintiff's musical group with defendant Pedro Ramos dressed in the same style and holding and accordion just as plaintiff Juan Corona does in the live musical performances of plaintiff's group "Grupo Exterminador" as documented on Facebook, the internet and social media.

   15.   Plaintiff is informed and believes, and based on such information and belief alleges, that defendant knows that he has no rights in the "Exterminador" name and nevertheless markets his services using the same name, style of dress and appearance as plaintiff and plaintiff's musical group.  Defendant Ramos' conduct is clearly calculated mislead consumers into purchasing tickets for his musical group for the purpose of profiting at plaintiff's expense.

   16.   Unless this Court grants injunctive relief, plaintiff stands to suffer

continued irreparable harm from the actions of defendant Pedro Ramos.

## FIRST CLAIM FOR RELIEF
## (FEDERAL TRADEMARK INFRINGEMENT AND
## UNFAIR COMPETITION)

17.     Plaintiff realleges and incorporates in this cause of action all previous paragraphs of this complaint.

18.     This claim for relief arises under 15 U.S.C. § 1125(a)(1)(A) and is alleged against all defendants.

19.     Plaintiff Juan Corona is in the creator and owner of the "Grupo Exterminador" mark with respect to goods, namely phonorecords, and services in the nature of live performances of a musical group, and has used the "Exterminador" name in connection with the services of his musical group continuously since at least as early as 1993.

20.     Although plaintiff's registration of the "Exterminador" mark lapsed in 2017, he has reapplied to register the "Grupo Exterminador" mark.  Nevertheless, defendant has been on notice commerce of plaintiff's ownership of the "Grupo Exterminador" mark by virtue of plaintiff's prior registration as well as plaintiff's use of the mark in commerce.

21.     The term "Exterminador" is the dominant feature of plaintiff's "Grupo Exterminador" mark.

22.     The term "Exterminador" is the dominant feature of defendant's adopted mark "El Nuevo Exterminador."

23.     Defendant has no claim of ownership or colorable right to utilize the name "Exterminador."

24.     The mark "Exterminador" is an arbitrary mark and is therefore inherently distinctive and entitled to maximum trademark protection.  *See Fortune Dynamic, Inc. v. Victoria's Secret Stores Brand Management, Inc.,* 618 F.3d 1025, 1033 (9th Cir. 2010).

25. Plaintiff's "Grupo Exterminador" mark is a strong mark in that it has earned widespread recognition and success in the relevant marketplace, i.e. the Latin music market of the United States, for some twenty-five (25) years.

26. The dominant term in the mark adopted by defendant, i.e. "El Nuevo Exterminador," is identical to the dominant term of plaintiff's mark. Indeed, defendant has adopted plaintiff's mark as well as the style of dress and appearance of plaintiff and the members of plaintiff's group in order to capitalize on the association with, and confusion with, plaintiff's musical group.

27. The channels of trade in which the plaintiff's musical group "Grupo Exterminador" markets its goods and services, i.e. the Latin music market of the United States, is identical to the channel of trade in which defendant now attempts market the services of his musical group.

28. There is a strong probability of likelihood of confusion arising from defendant's use of plaintiff's "Exterminador" mark in connection with defendant's services. Not only is defendant using plaintiff's mark to advertise defendant's services, defendant has also adopted the appearance of plaintiff Juan Corona to further the confusion in print advertising for performances of defendant's group.

29. The actions of defendant, as alleged herein, have caused and stand to cause substantial damage to plaintiff's reputation and mark.

30. The actions of defendant as herein alleged were and are intended to cause confusion, have caused confusion, and will continue to cause confusion unless enjoined.

31. Defendant's acts of unfair competition are willful and deliberate and performed with an intent to reap the benefit of plaintiff's name, goodwill and reputation.

32. By reason of defendant's acts of false designation, description and representation, as alleged above, plaintiff has suffered, and will continue to suffer, substantial damage to his business reputation and goodwill, as well as loss of profits

in an amount not yet ascertained.

33.     Defendant's actions of false designation, description and representation, as alleged above, have caused plaintiff irreparable injury, and defendant threatens to continue to commit such acts, and unless restrained and enjoined, will continue to do so, all to plaintiff's irreparable injury.  Plaintiff's remedy at law is not adequate to compensate him for injuries inflicted and threatened by defendant.

## SECOND CLAIM FOR RELIEF
## (STATE TRADEMARK INFRINGEMENT)

34.     Plaintiff realleges and incorporates in this cause of action all previous paragraphs of this complaint.

35.     Defendant's acts complained of herein constitute trademark infringement under the common law of California.

36.     Defendant's conduct as alleged above has damaged and will continue to damage plaintiff's goodwill and reputation and has resulted in a loss of revenue to plaintiff in an amount to be determined.

37.     Defendant's acts complained of herein constitute malice, oppression and/or fraud, thus entitling plaintiff to recover punitive damages.

## THIRD CLAIM FOR RELIEF
## (UNFAIR COMPETITION—CAL. BUS. & PROF.
## CODE § 17200 *ET SEQ.*)

38.     Plaintiff realleges and incorporates in this cause of action all previous paragraphs of this complaint.

39.     The acts and conduct of defendant as alleged above in this Complaint constitute unlawful, unfair, and/or fraudulent business acts or practices as defined by California Bus. & Prof. Code § 17200 *et seq.*

40.     Defendant's violation of federal law [15 U.S.C. § 1125] and state common law, as alleged above in this Complaint, constitute an unlawful business

practice.

41.     Defendant's acts of unfair competition have proximately caused and will continue to cause plaintiff to suffer injury in fact and loss of money and/or property in an amount to be proven at trial.  Defendant's acts of unfair competition also have caused and are causing irreparable and incalculable injury to plaintiff and to plaintiff's GRUPO EXTERMINADOR mark and trade name and to the business and goodwill represented thereby, and unless enjoined, will cause further irreparable and incalculable injury, whereby plaintiff has no adequate remedy at law.

## FOURTH CLAIM FOR RELIEF
## (FALSE ADVERTISING – CAL. BUS. & PROF.
## CODE § 17500 *ET SEQ.*)

42.     Plaintiff realleges and incorporates in this cause of action all previous paragraphs of this complaint.

43.     Plaintiff alleges on information and belief that in engaging the acts described above defendant has acted and continues to act, directly or indirectly, with the intent to sell, offer and/or induce the public to purchase and/or use and/or disseminate and/or cause to be disseminated before the public, by way of signs, newspaper, other publications or other advertising media, statements concerning defendant's goods and services which are untrue and/or misleading, and which defendant knows are untrue and/or misleading.

44.     By the aforesaid acts, defendant has engaged in and is engaging in false advertising in violation of California Business & Professions Code § 17500 *et seq.*, resulting in injury in fact and loss of money and/or property by plaintiff in an amount to be proven at trial.

45.     If defendant is permitted to proceed with the acts as aforesaid, plaintiff will continue to be irreparably injured by reason of defendant's false advertising.

46.     If defendant is permitted to proceed to practice the aforesaid acts of

false designation of origin and false description on the public, plaintiff will sustain serious and irreparable injury.  Defendant has proceeded and is proceeding with the aforesaid acts deliberately and willfully.  Unless preliminarily and permanently enjoined by this Court, plaintiff is informed and believes and therefore alleges that there is a substantial possibility and threat of ongoing false advertisement by defendant for which plaintiff is without an adequate remedy at law.

47.     In addition, defendant's acts, if allowed to proceed and continue, will cause sales of plaintiff's goods and services to be lost or substantially diminished in value, and may require plaintiff to prepare and publish corrective advertising to ameliorate confusion caused by defendant's actions, all to plaintiff's damage in an as yet unascertained amount.  Plaintiff is informed and believes, and therefore alleges, that defendant's acts may also result in substantial profits to defendant, to which defendant is not entitled.

## FIFTH CLAIM FOR RELIEF
## (INTERFERENCE WITH PROSPECTIVE
## BUSINESS ADVANTAGE)

48.     Plaintiff realleges and incorporate in this cause of action all previous paragraphs of this complaint.

49.     This claim for relief arises under the common law of the State of California and is alleged against all defendants.

50.     Defendant Pedro Ramos, through his actions, has interfered with the prospective business advantage of plaintiff by interfering with the right of plaintiff to exploit and benefit commercially from plaintiff's GRUPO EXTERMINADOR mark and the goodwill of the business of plaintiff's musical group.

51.     Plaintiff's group "Grupo Exterminador" performed at the El Rodeo Nightclub of Woodburn, Oregon on August 18, 2017.  Plaintiff's group was paid for its performance at the venue, and its successful booking held the probability of future benefits to plaintiff through bookings at that venue in the future.

52.     Defendant Ramos knew of plaintiff's performance at the El Rodeo Nightclub as the performance was advertised on the Facebook page of El Rodeo.

53.     Knowing of plaintiff's booking at the El Rodeo Nightclub, defendant Pedro Ramos scheduled a performance at the same venue as "El Nuevo Exterminador" for October 28, 2017.

54.     Plaintiff is informed and believes that defendant's upstart group will perform for considerably less than plaintiff's group charges for a performance at a venue.

55.     As a result of the actions of defendant, the relationship of plaintiff has been or stands to be disrupted, since plaintiff cannot return to a venue to perform where the venue has booked a copycat group to perform.

56.     Plaintiff stands to be harmed, or has been harmed, by the disruption of the relationship between plaintiff and the venue El Rodeo Nightclub due to the actions of defendant.  Plaintiff has been damaged by the tortious interference by defendant with plaintiff's economic relations in an amount to be determined.

57.     The aforementioned acts of defendant were and are willful, oppressive and malicious.  Plaintiff therefore should be awarded punitive damages in an amount to be alleged by amendment to this complaint.

## SIXTH CLAIM FOR RELIEF
### (ACCOUNTING)

58.     Plaintiff realleges and incorporates in this cause of action all previous paragraphs of this complaint.

59.     This claim for relief arises under the common law of the State of California and is alleged against all defendants.

60.     Defendant is in possession of information relating to monies paid to defendant from his misleading and deceptive practices described herein, which represents a misappropriation of monies from plaintiff.  The books, accounts, records, ledgers, etc. which will provide this information are in the possession of

defendant.  The amount of damages, profits and interest owing to plaintiff from defendant cannot be ascertained without an accounting by defendant.

61.    Defendant has also benefited economically from the usurpation of plaintiff's trade name and mark without accounting to plaintiff for the income and profits realized by defendant as a result of such activities.

62.    Plaintiff hereby demands, and is entitled to, an accounting of all monies received by defendant from his use of plaintiff's mark and trade name.

## SEVENTH CLAIM FOR RELIEF
## (TEMPORARY, PRELIMINARY AND
## PERMANENT INJUNCTIVE RELIEF)

63.    Plaintiff realleges and incorporates in this cause of action all previous paragraphs of this complaint.

64.    The continuing wrongful acts of defendant herein have harmed and continue to harm the interest of plaintiff in the use of the name and mark "Grupo Exterminador."  If this court does not issue a temporary, preliminary and permanent injunction against defendant prohibiting the use of the name "Grupo Exterminador" and other confusingly similar terms, including without limitation "Nuevo Exterminador" and "Exterminador," in connection with the goods and services of defendant's musical group, plaintiff will suffer irreparable harm for which there is no adequate remedy at law.

## PRAYER

WHEREFORE, plaintiff prays for relief as follows:

1.  For an order requiring defendant to show cause, if he has any, why he should not be enjoined as set forth below, during the pendency of this action;

2.  For a temporary restraining order, a preliminary injunction, and a permanent injunction, all enjoining defendant and his agents, servants, employees and co-venturers, and all persons in active concert or participation with him who

receive actual notice of the order by personal service or otherwise, from engaging in or performing any of the following acts:

(a)   using the GRUPO EXTERMINADOR mark or trade name alone or in combination with any other words or symbols which so resemble plaintiff's mark and name "Grupo Exterminador," including without limitation "Nuevo Exterminador" and "Exterminador," as to be likely to cause confusion, deception or mistake, on or in connection with the advertising, offering for sale, or sale of any product or service which is not plaintiff's or not authorized by plaintiff to be sold in connection with each of said marks and name;

(b)   contacting promoters, advertisers or other businesses for the purpose of offering the services of defendant as "Grupo Exterminador" or any confusingly similar or colorable imitation of the "Grupo Exterminador" name, including without limitation "Nuevo Exterminador" or "Exterminador";

(c)   using any trademark, trade name, logo, business name or other identifier or acting in any fashion which may be calculated to falsely represent that the goods and services provided, promoted or offered by defendants are sponsored by, authorized by, licensed by, or in any other way associated with plaintiff;

(d)   engaging in any other activity constituting an infringement of plaintiff's mark or trade name or of plaintiff's rights in, or right to use or to exploit said mark or trade name;

(e)   doing or causing to be done any further acts in violation of California Business and Professions Code § 17500 *et seq.*; and

(f)   assisting, aiding or abetting any other person or business entity in engaging in or performing any of the activities referred to in subparagraphs (a) through (e) above;

3. That the Court direct that defendants pay plaintiff's general, special and actual and statutory damages as follows:

(a)     Plaintiff's damages and defendant's profits pursuant to 15 U.S.C. § 1117(a) and California Business and Professions Code § 17200 *et seq.* and § 17500 *et seq.*;

(b)     Such other damages as the Court shall deem to be just and equitable;

(c)     Punitive damages, in an amount to be determined by the Court, for defendant's malicious, willful, intentional, deliberate and tortious conduct; and

(d)     Interest, including prejudgment interest, on the foregoing sums;

4.  For an accounting of all monies received by defendant from his activities in connection with the use of the name "Grupo Exterminador," "Nuevo Exterminador" or any other term that includes the name "Exterminador";

5.  That the Court order defendants to pay to plaintiff both the costs of this action and the reasonable attorneys' fees incurred by plaintiff in prosecuting this action; and

6.  That the Court grant to Plaintiff such other and additional relief as is just and proper.

Dated:  October 4, 2017

/s/Steven J. Eyre
Steven J. Eyre
Attorney for plaintiff


**<u>DEMAND FOR JURY TRIAL</u>**

Plaintiff demands a trial of this action by a jury.

Dated:  October 4, 2017

/s/Steven J. Eyre
Steven J. Eyre
Attorney for plaintiff

COMPLAINT